ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 1 0 2009

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNIQUE SPORTS PRODUCTS, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>FERRARI IMPORTING COMPANY d/b/a GAMMA SPORTS )<br><br>Defendant. ) | CIVIL ACTION<br>FILE NO. 1 09-CV-0660<br><br>JURY DEMAND |

## COMPLAINT

Plaintiff Unique Sports Products, Inc. ("Unique" or "Plaintiff"), for its Complaint against Defendant Ferrari Importing Company d/b/a Gamma Sports ("Defendant" or "Gamma"), states as follows:

1.

This is an action for damages, injunctive relief, attorney's fees, costs, and interest under the Lanham Act - 15 U.S.C. §§ 1051-1127, O.C.G.A. § 10-1-372, and O.C.G.A. § 13-6-11.

## PARTIES

2.

Plaintiff Unique is a Georgia corporation. Unique's principal place of business located at 840 McFarland Road, Alpharetta, Forsyth County, Georgia 30004.

3.

Upon information and belief, Defendant Gamma is a Pennsylvania corporation with its principal place of business located at 200 Waterfront Drive, Pittsburgh, Pennsylvania 15222-4750 and a registered office address of 144 W Swissvale Avenue, Pittsburgh, Pennsylvania 15218.

## JURISDICTION AND VENUE

4.

Upon information and belief, Defendant markets and sells products in the State of Georgia and actively conducts business in the State of Georgia and within this judicial district.

5.

This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1114, 1116(a), 1121, and 1125(a) and 28 U.S.C. §§ 1331, 1338, and 1367.

6.

Jurisdiction and venue are proper in this district pursuant to 28 U.S.C. § 1391(b), (c), and (d).

## FACTUAL BACKGROUND

7.

Unique manufactures and markets specialty sport goods accessories, with a particular focus on grip and grip tape products for racket sports.

8.

Unique's products are sold in sporting goods stores, the sporting goods sections of mass merchandise stores, and over the internet.

9.

Unique has used the color light blue for racket grip tape products since at least as early as 1977.

10.

On February 13, 2001, Unique received U.S. Registration No. 2,428,076 for the color light blue used for "grip tape for sports rackets." Since at least December 1977, Unique has continuously used the color light blue as a source identifier for its racket grip tape products. A copy of the U.S. Trademark Office Records for this registration is attached as Exhibit A.

11.

Unique advertises and promotes the light blue color as a source identifier for its racket grip tape products.

12.

Numerous famous professional tennis stars use or have used Unique's light blue racket grip tape products, including Pete Sampras, Andre Agassi, James Blake, Venus Williams, and Maria Sharapova.

13.

Unique's Tourna-Grip product is the best selling racket grip tape product in the United States. Attached as Exhibit B are copies of examples of Unique's light blue color racket grip tape products.

14.

Unique has established goodwill in the light blue color for racket grip tape products based on Unique's use of the mark, the success of those products in the marketplace, and the advertising, marketing and media exposure of Unique's light blue color grip tape products.

15.

Defendant Gamma also makes and sells racket grip tape products, which are distributed through similar channels of trade as Unique's products.

16.

Defendant Gamma is aware of Unique's exclusive right to the color light blue for racket grip tape products.

17.

Defendant Gamma has marketed and sold royal blue color racket grip tape products without objection from Unique.

18.

In the prior litigation between the parties, a Final Judgment was entered on June 18, 1999, which included, among other things, a permanent injunction against Gamma from using light blue color (defined as lighter than Pantone 293(c)) "or any other counterfeit, copy or colorable imitation thereof, in any form, or in any manner in connection with overwrap grip material for sports racquets." Pursuant to paragraph 12 of the Order, this Court retained jurisdiction over, *inter* alia, "construction or modification of this Final Judgment, the enforcement hereof, or the punishment of any violations thereof by Defendant." A copy of the June 18, 1999 Final Judgment in the case known as *Unique Sports Products, Inc. v. Ferrari Importing Company d/b/a Gamma Sports*, United States District Court for the Northern District of Georgia, Civil Action No. 1:99-CV-0945TWT is attached hereto as Exhibit C.

19.

Despite the existence of the Final Judgment and Unique's federal registration covering the color light blue for "grip tape for sports rackets," Gamma has sold light blue colored grip tape products for rackets. In addition, images of Gamma's light blue color grip tape products for rackets are displayed on the Internet at websites including, but not limited to, www.tenniswarehouse.com. Attached as Exhibit D are copies of examples of Gamma's light blue color grip tape products.

20.

Since late August 2008, Unique has attempted to resolve this dispute with Gamma through private negotiations. Gamma has failed to respond to Unique's most recent correspondence dated January 15, 2009.

21.

Gamma has admitted that a version of its Smart Grip Overgrip product was manufactured and sold, that was lighter blue than allowed under the Final Judgment. A copy of the October 1, 2009 letter from counsel for Gamma to counsel for Unique is attached hereto as Exhibit E.

22.

Upon information and belief, Defendant's light blue racket grip tape products have been promoted, offered for sale, distributed, and/or sold to Georgia residents.

23.

Upon information and belief, Defendant began using the light blue color for racket grip tape in commerce after Unique's first use in commerce of the light blue color for racket grip tape, after the filing of Unique's trademark application for the light blue color for racket grip tape, and after the issuance of the U.S. Registration No. 2,428,076.

24.

Unique has superior trademark rights, to any rights that Gamma has or could claim, in the light blue color for racket grip tape.

25.

Defendant's use of the color light blue on racket grip products neither manufactured nor authorized by Unique is likely to cause confusion with Unique's light blue color racket grip tape products.

26.

Defendant's use of the light blue color for racket grips or any confusingly

similar mark creates a false impression of association, affiliation, connection, endorsement or sponsorship of Defendant by Plaintiff Unique. Defendant's use of the light blue color for racket grip tape products or any confusingly similar mark to Unique's light blue color mark is deceptive and fraudulent.

27.

Defendant's use of the light blue color for racket grip tape products violates Plaintiff Unique's superior and exclusive rights in its trademark for the light blue color for racket grip tape products.

28.

Defendant Gamma has willfully and unlawfully attempted to trade on the commercial value, reputation and goodwill of Plaintiff Unique and Plaintiff Unique's light blue color mark for racket grip tape products and has deliberately and intentionally confused and deceived the public.

29.

Unique has suffered damages and will suffer irreparable harm as a result of Defendant's wrongful conduct.

## COUNT ONE

## LANHAM ACT § 32
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

30.

Plaintiff Unique hereby incorporates and re-alleges the assertions in paragraphs 1 to 29 above as if fully set forth herein.

31.

Plaintiff Unique owns the exclusive rights in and to U.S. Registration No. 2,428,076.

32.

Defendant's use of the light blue color for racket grip tape products or any other confusingly similar marks to identify, advertise, market or promote its services and products is likely to cause confusion among customers.

33.

Defendant's use of the light blue color for racket grip tape products is an intentional attempt to trade off the goodwill of Unique and the light blue color for racket grip tape products mark.

34.

Defendant has infringed and will continue to infringe Unique's rights in U.S. Registration No. 2,428,076 by using the light blue color for racket grip tape products or any other marks identical or confusingly similar to or substantially indistinguishable from Unique's mark in connection with the sale, offering for sale, marketing, and/or display of products.

35.

Defendant's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36.

Defendant's acts of infringement have been and continue to be knowing, willful and intentional.

37.

Defendant's trademark infringement has caused and will continue to cause irreparable harm to Unique. Unless Defendant is enjoined from continuing the aforementioned unlawful acts, Unique will suffer irreparable harm.

38.

As a direct and proximate result of Defendant's trademark infringement, Unique has suffered damages in an amount to be determined at trial.

39.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Plaintiff Unique is entitled to preliminary and permanent injunctive relief to prevent damage to Plaintiff Unique and to prohibit Defendant from further violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40.

Furthermore, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff Unique is entitled to monetary damages, Defendant's profits, costs, and prejudgment interest.

41.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling Plaintiff Unique to recover its attorneys' fees and up to three times its actual damages.

42.

Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Plaintiff Unique is entitled to a destruction order requiring that Defendant deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, Internet images, and other materials

that constitute or reproduce the light blue color for racket grip tape products or any other marks confusingly similar to U.S. Registration No. 2,428,076.

## COUNT TWO

## LANHAM ACT § 43(a)
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a)(1)(A))

43.

Unique hereby incorporates and re-alleges the assertions in paragraphs 1 to 42 above as if fully set forth herein.

44.

By its adoption and use of the light blue color for racket grip tape products in a manner confusingly similar to Unique's trademark for the same or similar goods, Defendant has affixed, applied, annexed and/or used false designations of origin in connection with the sale, distribution, and advertising of its products in interstate commerce.

45.

Defendant's use of the light blue color for racket grip tape products is likely to cause confusion, mistake and deception as to the affiliation, connection, or association of Defendant Gamma with Plaintiff Unique.

46.

Defendant's use of the light blue color for racket grip tape products is likely to cause confusion, mistake and deception as to the origin, sponsorship, or approval of Defendant's products by Plaintiff Unique.

47.

Defendant's use of the light blue color for racket grip tape products is an intentional attempt to trade off the goodwill of Plaintiff Unique and its trademark.

48.

Defendant's conduct constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.

Defendant's conduct has been and continues to be knowing, willful and intentional.

50.

Defendant's unlawful conduct has caused and will continue to cause irreparable harm to Plaintiff Unique. Unless Defendant is enjoined from continuing the aforementioned unlawful acts, Plaintiff Unique will suffer irreparable harm.

51.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Unique has suffered damages in an amount to be determined at trial.

52.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Plaintiff Unique is entitled to preliminary and permanent injunctive relief to prevent damage to Plaintiff Unique and to prohibit Defendant from further violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53.

Furthermore, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff Unique is entitled to monetary damages, Defendant's profits, costs, and prejudgment interest.

54.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling Plaintiff Unique to recover its attorneys' fees and up to three times its actual damages.

55.

Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Plaintiff Unique is entitled to a destruction order requiring that Defendant deliver up and

destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, Internet images, and other materials that constitute or reproduce the light blue color for racket grip tape products or any other marks confusingly similar to Plaintiff Unique's trademark.

## COUNT THREE

## VIOLATION OF JUNE 18, 1999 FINAL JUDGMENT

56.

Plaintiff Unique hereby incorporates and re-alleges the assertions in Paragraphs 1 to 55 above as if fully set forth herein.

57.

Defendant's use of the light blue color on its Smart Grip Overgrip product violates the terms and conditions of the June 18, 1999 Final Judgment.

58.

Defendant's violation of the June 18, 1999 Final Judgment has caused and will continue to cause irreparable harm to Plaintiff Unique. Unless Defendant is enjoined from continuing the aforementioned unlawful acts, Plaintiff Unique will suffer irreparable harm.

59.

As a direct and proximate result of Defendant's violation of the June 18, 1999 Final Judgment, Plaintiff Unique has suffered damages in an amount to be determined at trial.

## COUNT FOUR

### VIOLATION OF GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT (O.C.G.A. § 10-1-372)

60.

Plaintiff Unique hereby incorporates and re-alleges the assertions in Paragraphs 1 to 59 above as if fully set forth herein.

61.

Defendant's use of the light blue color for racket grip tape products is likely to cause confusion or misunderstanding as to the affiliation, connection, or association of Defendant with Plaintiff Unique.

62.

By its adoption and use of one or more of Plaintiff Unique's trademarks for identical or similar products in the same channels of trade, Defendant is attempting to pass off its services and products as those of Plaintiff Unique.

63.

As detailed above, Defendant's deceptive trade practices have been intentional and willful.

64.

As a result of the foregoing, Defendant is likely to cause damage to Unique in violation of O.C.G.A. § 10-1-372.

65.

Unless Defendant is enjoined from continuing the aforementioned infringing and unlawful activities, Plaintiff Unique will suffer irreparable harm.

66.

Pursuant to O.C.G.A. § 10-1-373, Plaintiff Unique is entitled to preliminary and permanent injunctive relief as well as attorneys' fees and costs of this action.

## COUNT FIVE

**ATTORNEYS' FEES AND EXPENSES**
**(O.C.G.A. § 13-6-11)**

67.

Unique hereby incorporates and re-alleges the assertions in Paragraphs 1 to 66 above as if fully set forth herein.

68.

Defendant has acted in bad faith, have been stubbornly litigious, and have caused Unique unnecessary trouble and expense.

69.

Unique is therefore entitled to recover its attorneys' fees and expenses incurred in this action under O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Unique Sports Products, Inc. demands a jury trial on all claims so triable and prays for judgment as follows:

(a) The Court enter judgment that Defendant has engaged in trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, has engaged in false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and has engaged in deceptive trade practices in violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372;

(b) On Plaintiff's First and Second Claims for Relief, damages, disgorgement of Defendant's profits, enhanced damages, attorneys' fees, costs, prejudgment interest, preliminary and permanent injunctive relief prohibiting Defendant from further violations of the Lanham Act, and a destruction order

requiring that Defendant deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, Internet images, and other materials that constitute or reproduce the light blue color for racket grip tape products or any other marks confusingly similar to U.S. Registration No. 2,428,076;

(c)   On Plaintiff's Third Claim for Relief, all relief necessary to secure compliance with the June 18, 1999 Final Judgment;

(d)   On Plaintiff's Fourth Claim for Relief, preliminary and permanent injunctive relief prohibiting further violations of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372, attorneys' fees and costs;

(e)   On Plaintiff's Fifth Claim for Relief, attorneys' fees and costs;

(f)   An award of Plaintiff's costs associated with this action;

(g)   An award of prejudgment interest; and

(h)   On each of Plaintiff's claims for relief, such further and other relief as the Court deems just and proper.

## **Demand for Jury Trial**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this ____ day of March, 2009.

_____
W. Scott Creasman
Georgia Bar No. 194860
Todd Jones
Georgia Bar No. 403925


TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle – Suite 400
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (404) 434-7376

Attorneys for Plaintiff
Unique Sports Products, Inc.