IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNIQUE SPORTS PRODUCTS, INC. | :  |
| Plaintiff, | : |
| v. | : Civil Action No. 09-CV-660 |
| FERRARI IMPORTING COMPANY | : |
| Defendants. | : |

**FERRARI IMPORTING COMPANY'S ANSWER TO
UNIQUE SPORTS PRODUCTS, INC.'S COMPLAINT**

Ferrari Importing Company ("Ferrari") hereby responds to and answers the allegations of Unique Sports Products, Inc.'s ("Unique") Complaint as follows:

1. Ferrari admits only that the Complaint purports to allege claims for damages, injunctive relief, attorney's fees, costs, and interest under the Lanham Act, O.C.G.A. § 10-1-372, and O.C.G.A. § 13-6-11. Ferrari specifically denies that it has violated any of these statutes or otherwise caused any harm to Unique.

**PARTIES**

2. Ferrari is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

3. Admitted in part and denied in part. It is admitted that Defendant has its principal place of business at 200 Waterfront Drive, Pittsburgh, Pennsylvania 15222-4750; however, the remainder of the allegations in Paragraph 3 are denied. By way of further response, Defendant is a Michigan corporation and does not maintain a registered office address at 144 W Swissvale Avenue.

## JURISDICTION AND VENUE

4. Admitted.

5. Ferrari admits that this Court has jurisdiction over the subject matter of this action.

6. Admitted.

## FACTUAL BACKGROUND

7. Admitted.

8. Admitted.

9. Ferrari is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

10. Ferrari admits only that Unique appears to own U.S. Registration No. 2,428,076 for the color light blue used for "grip tape for sports rackets" and that a copy of the registration is attached to the Complaint as Exhibit A. Ferrari denies the remaining allegations of this paragraph. Specifically, Ferrari denies that the registration was legally and validly issued, and denies that "Since at least

December 1977, Unique has continuously used the color light blue as a source identifier for its racket grip tape products."

11. Denied.

12. Ferrari is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

13. Ferrari is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

14. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

15. Admitted in part. Ferrari admits only that it sells racket grip tape products. Ferrari is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

16. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

17. Admitted.

18. Admitted in part, denied in part. Ferrari admits only that a Final Judgment was entered on June 18, 1999 in a prior litigation between the parties. The Final Judgment is a document which speaks for itself, and any characterization

of the same is denied. Moreover, Ferrari specifically denies Unique's mischaracterization of the terms of the Final Judgment.

19. Admitted in part, denied in part. Ferrari admits only that it has sold light blue color grip tape products for rackets and that images of the same are displayed on the Internet. Ferrari denies the remaining allegations of this paragraph.

20. Admitted in part, denied in part. Ferrari admits only that the parties have engaged in a dialogue regarding Unique's claims. Ferrari denies the remaining allegations of this paragraph.

21. Admitted in part, denied in part. Ferrari admits that counsel sent a letter to Unique on October 1, 2009 which specifically stated on its face "For Settlement Purposes Only" and that a copy of the letter is attached to the Complaint as Exhibit E. The letter is a document which speaks for itself, and any characterization of the same is denied.

22. Admitted.

23. Denied.

24. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

25. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

26. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

27. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

28. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

29. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

## COUNT ONE

30. Ferrari incorporates its responses to paragraphs 1-29 as if fully set forth herein.

31. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

32. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

33. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

34. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

35. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

36. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

37. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

38. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

39. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

40. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

41. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

42. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

**WHEREFORE**, Defendant Ferrari Importing Company respectfully requests that this Court enter judgment in its favor and against Plaintiff Unique

Sports Products, Inc., dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs, attorneys' fees, and such other relief as the Court deems just and proper.

## COUNT TWO

43. Ferrari incorporates its responses to paragraphs 1-42 as if fully set forth herein.

44. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

45. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

46. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

47. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

48. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

49. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

50. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

51. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

52. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

53. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

54. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

55. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

**WHEREFORE**, Defendant Ferrari Importing Company respectfully requests that this Court enter judgment in its favor and against Plaintiff Unique Sports Products, Inc., dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs, attorneys' fees, and such other relief as the Court deems just and proper.

## COUNT THREE

56. Ferrari incorporates its responses to paragraphs 1-55 as if fully set forth herein.

57. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

58. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

59. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

**WHEREFORE**, Defendant Ferrari Importing Company respectfully requests that this Court enter judgment in its favor and against Plaintiff Unique Sports Products, Inc., dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs, attorneys' fees, and such other relief as the Court deems just and proper.

## COUNT FOUR

60. Ferrari incorporates its responses to paragraphs 1-59 as if fully set forth herein.

61. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

62. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

63. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

64. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

65. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

66. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

**WHEREFORE**, Defendant Ferrari Importing Company respectfully requests that this Court enter judgment in its favor and against Plaintiff Unique Sports Products, Inc., dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs, attorneys' fees, and such other relief as the Court deems just and proper.

## COUNT FIVE

67. Ferrari incorporates its responses to paragraphs 1-66 as if fully set forth herein.

68. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

69. Denied as a conclusion of law to which no responsive pleading is required. To the extent a response is required, Ferrari denies the allegations of this paragraph.

**WHEREFORE**, Defendant Ferrari Importing Company respectfully requests that this Court enter judgment in its favor and against Plaintiff Unique Sports Products, Inc., dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs, attorneys' fees, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

The complaint is barred in whole or in part under the Doctrine of Fair Use.

### Third Affirmative Defense

The complaint is barred in whole or in part by laches, acquiescence and/or estoppel. 15 U.S.C. § 1115(b)(9). Unique actually knew or should have known of Plaintiff's use of light blue on gauze tape either (a) at the time of the 1999 Litigation; (b) at the time of its 2002 letter to Ferrari; and/or (c) at the time of its 2005 letter to Ferrari. As a result, Plaintiff's Registration is invalid, unenforceable, and should be canceled.

### Fourth Affirmative Defense

The complaint is barred in whole or in part under the doctrines of waiver, estoppel and/or acquiescence.

### Fifth Affirmative Defense

The complaint is barred in whole or in part by Plaintiff's unclean hands or misuse of trademark rights.

### Sixth Affirmative Defense

The complaint is groundless, frivolous and without merit, and is being pursued in violation of Rule 11 of the Federal Rules of Civil Procedure.

### Seventh Affirmative Defense

The complaint seeks an injunction without probable cause.

### Eight Affirmative Defense

The complaint is barred in whole or in part by the common-law privilege of competition.

### Ninth Affirmative Defense

Unique's Registration was obtained "fraudulently" and is subject to cancellation pursuant to 15 U.S.C. 1115(b)(1). In support of this defense, Ferrari states as follows:

1. Upon information and belief, during the application process for its trademark registration, Unique, through its representatives, averred, swore and

otherwise represented as fact, that its use of the light blue color was substantially exclusive since 1977.

2. Upon information and belief, for more than twenty years prior to the application date of the Registration, at least thirteen (13) tennis companies offered at least fifty-five (55) brands of various shades of blue overgrips.

3. There was widespread use of various shades of blue, including numerous shades of light blue, on gauze tape prior to the application date of the Registration, all in direct contradiction to Unique's averments during the application process.

4. On information and belief, Unique made at least one material statement to the Trademark Office in the application for the Registration that it knew or should have known was false as more fully set forth herein. As a result, Plaintiff's Registration is invalid, unenforceable, and should be canceled.

### **Tenth Affirmative Defense**

Unique's Registration is invalid and unenforceable because it is "functional" pursuant to 15 U.S.C. 1115(b)(8). The color blue is utilitarian and aesthetically favored in the tennis marketplace. The color blue, generally, is the favorite color of a large percentage of both men and women and lighter colors are functional in the sense that they tend to be more absorbent than darker colors and, as such, light blue, which also matches many racket cosmetics currently on the market, is the

most popular color for overgrips and gauze tape and is more desirable than other colors for such uses.

### Eleventh Affirmative Defense

Unique's Registration is invalid and unenforceable because it is being used by or with Unique's permission so as to misrepresent the source of the goods on or in connection with which the mark is used. 15 U.S.C. 1115(b)(3). Upon information and belief, Unique has entered into naked licensing agreements as a means of settling infringement proceedings. As a result, Unique's Registration is invalid, unenforceable, and should be canceled.

**WHEREFORE**, Defendant Ferrari Importing Company respectfully requests that this Court enter judgment in its favor and against Plaintiff Unique Sports Products, Inc., dismissing Plaintiff's Complaint with prejudice, cancelling Unique's Registration, and awarding Defendant its costs, attorneys' fees, and such other relief as the Court deems just and proper.

Dated: April 21, 2010

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

By:   BY:_____/S/_____
Thomas O. Sippel – GBN: 649211
Attorneys for Defendant
500 Colonial Center Parkway, Suite 625
Roswell, GA 30076
Telephone: (678)206-2500

Telecopier: (678)206-2507


Of Counsel:
BLANK ROME LLP
Grant S. Palmer
(admitted pro hac vice)
Timothy D. Pecsenye
(admitted pro hac vice)
Joel L. Dion
(admitted pro hac vice)
One Logan Square
Philadelphia, Pennsylvania  19103
(215) 569-5500

Carl A. Ronald
(admitted pro hac vice)
The Ronald Law Group, LLC
Suite 620, #146
20436 Route 19
Cranberry Township, PA 16066
Telephone:  (412) 680-5802


Attorneys for Defendant
Ferrari Importing Company

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

/S/ Thomas O. Sippel
Thomas O. Sippel